**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND**

IN RE:                                         Chapter 11

ISAIAS LEONEL TERRERO            Case No. 1:15-bk-11812

and

ACELIA A. TERRERO,

    Debtors.

_____

**WELLS FARGO BANK, N.A., AS TRUSTEE'S
LIMITED OBJECTION TO DEBTORS' MOTION TO CONSOLIDATE**

Wells Fargo Bank, N.A., as Trustee for the registered holders of CBA Commercial Assets, Small Balance Commercial Mortgage Pass-Through Certificates, Series 2005-1 ("Wells Fargo") hereby interposes a limited objection to Debtors Isaias L. Terrero and Acelia A. Terrero's (collectively, the "Debtors") Motion to Consolidate [Doc. No. 27], and states as follows in support of that limited objection:

    1.      Wells Fargo is the holder of an Adjustable Rate Note dated April 28, 2005 (the "Note") made by to Equity One, Inc., d/b/a Equity One Mortgage Company ("Equity"). The Note is secured by a first position Mortgage of equal date (the "Mortgage") from Borrower to Mortgage Electronic Registration Systems, Inc. ("MERS") in it capacity as nominee for Equity and its successors and assigns, recorded in the Land Evidence Records of the City of Providence in Book 7247 at Page 138. Wells Fargo is the assignee of the Mortgage. The Mortgage encumbers property located at 1137 Broad Street, Providence, Rhode Island, that Debtors hold in their personal capacity, along with, *inter alia*, all income that the Property generates.

    2.      Ada's Creations, Inc. ("Ada's") operates a business from the Property. Ada's has filed its own Chapter 11 petition, *In re: Ada's Creation, Inc.*, 1:15-bk-11836.

3. Debtors predicate their Motion to Consolidate on Bankruptcy Rule 1015(b) and 11 U.S.C. § 101(2), in that Debtors claim to be an "affiliate" of Ada's, citing to that portion of the statutory definition of affiliate regarding an "'entity that operates a business or substantially all of the property of the Debtor under a lease or an operating agreement.'" (Motion to Consolidate, ¶ 6 (quoting 11 U.S.C. § 101(2))).

4. Here, Debtors' Motion fails to describe, provide, or otherwise reference either an operating agreement or lease between Debtors and Ada's. Debtors' Motion consequently fails in the absence of such an agreement.

5. More importantly from Wells Fargo's perspective, the potential existence of an operating agreement or lease triggers concerns regarding the use of cash collateral. If, as Debtors imply in their Motion, an agreement exists between Ada's and Debtors related to the use of the Property, any income generated by that agreement is cash collateral. However, Debtors have not filed a motion for use of cash collateral or otherwise accounted for this cash collateral.

6. Wells Fargo consequently reserves its right with respect Debtors' potential misuse of cash collateral in the absence of an Order regarding use of cash collateral.

                **Wells Fargo Bank, N.A., as Trustee for the registered holders of CBA Commercial Assets, Small Balance Commercial Mortgage Pass-Through Certificates, Series 2005-1**

                By its Attorney,

                /s/ Armand E. Batastini
                Armando E. Batastini (# 6016)
                NIXON PEABODY LLP
                One Citizens Plaza
                Providence, RI 02903
                Tel: (401) 454-1000
                Fax: (866) 680-8453
Dated: October 16, 2015        Email: abatastini@nixonpeabody.com

-3-

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of October, 2015, this document filed through the ECF system will be sent electronically to the registered participants eligible for electronic notification as identified on the Notice of Electronic filing (NEF).

        /s/   Armando E. Batastini